UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2794 FMO (PLAx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | 18 Nutrition, Inc. v. Sergey Kostikov, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorney Present for Plaintiffs:     Attorney Present for Defendants:
None Present                          None Present

**Proceedings:**     **(In Chambers) Order Re: Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)**

Having reviewed defendants' Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion," Dkt. No. 50), the court will deny the Motion without prejudice.

In connection with their Motion, defendants seeks judicial notice of multiple exhibits. (See Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("RJN," Dkt. No. 50-2)). Defendants seek judicial notice of Exhibits 18 to 33 on the ground that "[i]nternet marketing and how it has been accomplished over the years are facts that are commonly known within the territory of this court." (Id. at 3). Defendants also seek judicial notice of Exhibits 34 to 36 because "it is common for merchants to provide volume discounts of the 'buy-two-get-one' variety on the Internet, including to entice consumers to enter their credit card information and make a purchase," (id. at 12), and Exhibits 37 to 39 because "'pop up coupons' are commonly used to entice website visitors not to navigate away from a merchant website." (Id. at 13). "[H]ow [internet marketing] has been accomplished over the years," and customer response to "volume discounts," and "pop up coupons," (see id. at 3, 12, & 13), are not "generally known within the trial court's court's territorial jurisdiction" and cannot be "accurately and readily determined" from the exhibits. See Fed. R. Evid. 201(b). Indeed, defendants seek judicial notice of facts that would appear to be highly disputed by marketing experts; they are not facts "that [are] not subject to reasonable dispute." (Id.).

Additionally, given the number of documents defendants seek to have considered in connection with their Motion, the court is persuaded that such documents and the arguments raised in the pending Motion could and should be considered in the context of a motion for summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). The court will consider documents outside the pleadings only in the context of a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2794 FMO (PLAx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | 18 Nutrition, Inc. v. Sergey Kostikov, et al. | | |

considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Defendants may raise any arguments they set forth in the Motion in a motion for summary judgment that complies with the court's Order Re: Summary Judgment Motions and/or a motion for judgment on the pleadings pursuant to Rule 12(c).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) **(Document No. 50)** is **denied without prejudice**.

2. Defendants' Request for Judicial Notice (**Document No. 50-2**) is **denied**.

3. The hearing on defendants' Motion, set for September 10, 2015, is hereby **vacated**.

4. Defendants shall file their Answer to the First Amended Complaint no later than **August 11, 2015**.

5. For all future motions filed in this case, counsel for the parties shall, prior to the filing of any such motion, meet and confer in person, with a court reporter, to discuss the moving party's motion. The costs of the court reporter shall be divided equally between the parties. The motion must include a transcript of the meet and confer process and copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied. Counsel for the party opposing the motion must make him or herself available for an in-person meet and confer at the offices of the moving party's counsel (located in the Central District of California) no later than seven (7) days after receiving a written notice of request for an in-person meet and confer.

|  | Initials of Preparer | vdr |
|---|---|---|